CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:  (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR
Plaintiffs

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| In re:<br><br>ZIA JAMAL NOORZOY and CECELIA A. AUSTIN,<br><br>Debtor.<br><br>AISHA A. KRECHUNIAK, individually, and as Trustee For THE KRECHUNIAK, AISHA A. 2001 TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>ZIA JAMAL NOORZOY and CECELIA A. AUSTIN,<br><br>Defendants. | Case No. 11-60405<br><br>CHAPTER 7<br><br>Adversary Proceeding<br><br>No. 12-05016<br><br>**RENEWED MOTION FOR ENTRY OF JUDGMENT**<br><br>**Date:    September 22, 2015**<br>**Time:    1:30 p.m.**<br>**Court:  United States Bankruptcy**<br>**           280 South First St., Rm 3099**<br>**           San Jose, CA**<br><br>**Judge: Hon. Stephen Johnson** |

COMES NOW, Campeau Goodsell Smith, L.C., and submits the following motion and memorandum of points and authorities as follows:

**I.      Summary of Motion.**

This is a renewed motion by Plaintiffs AISHA A. KRECHUNIAK, individually, and as Trustee For THE KRECHUNIAK, AISHA A. 2001 TRUST ("Plaintiffs") for entry of

**RENEWED MOTION FOR ENTRY OF JUDGMENT**

judgment against Zia Jamal Noorzoy ("Noorzoy" or "Defendant") pursuant to a November 6, 2014 Memorandum of Settlement ("Memorandum of Settlement") and a July 31, 2015 Judgment entered into an underlying state court action ("State Court Judgment"). Said motion is made pursuant to 11 U.S.C. 105 and on the grounds that Noorzoy executed the Memorandum of Settlement, the Memorandum of Settlement provided that the settlement shall be non-dischargeable in bankruptcy, on July 31, 2015 the state court entered the State Court Judgment, and enforcement must no longer be stayed in light of the settlement, general discharge order, and entry of a final decree.

**II.     Summary of Facts.**

    **A. Bankruptcy Case.**

On November 10, 2011, a voluntary bankruptcy petition was filed by Debtors ZIA JAMAL NOORZOY and CECELIA A. AUSTIN under Title 11 of the United States Code commencing this Chapter 7 bankruptcy ("Debtors" or "Defendants") ("Bankruptcy Case").

    **B. Adversary Proceeding and Related State Court Action.**

On January 31, 2012 Plaintiffs commenced this Adversary Proceeding pursuant to 11 U.S.C. 523 for a determination that Plaintiffs debts are non-dischargeable.

This Adversary Proceeding is substantially similar to and related to pending State Court Action.

On April 4, 2012 the court granted Plaintiffs' Motion For Relief From Stay and ordered, in pertinent part, that relief from the automatic stay was granted as to the State Court Action effective April 16, 2012 in all respects as to certain causes of action set forth in Aisha's Cross Complaint For Damages And Equitable Relief: Breach of Fiduciary Duty, Conversion, Fraud, and Intentional Infliction of Emotional Distress so the parties thereto may proceed to final judgment as against the Debtors (relief was not granted as to the State Court Action's causes of action: Breach of Contract, Breach of The Implied Covenant of Good Faith and Fair Dealing, Accounting, Negligence, Negligent Misrepresentation, and Legal and/or Equitable Indemnity) (Docket#57 Main Case).

Since that time this Adversary Proceeding has essentially been held in abeyance pending the State Court Action.

**C. Memorandum of Settlement and Non-Compliance/Breach.**

On November 6, 2014 Plaintiffs and Defendant executed a Memorandum of Settlement which provided, in pertinent part, that Defendant shall pay Plaintiff the total sum of $600,000 as follows: (a) $100,000 by December 31, 2014; (b) 10% of net commissions from April 1, 2015 and thereafter; (c) the balance of $500,000 no more than five (5) years from January 1, 2015; (d) execution of a stipulated judgment against Defendant in the amount of $850,000; (e) that the settlement and stipulated judgment shall be non-dischargeable in bankruptcy; and (f) the settlement shall be confidential. Defendant did not perform pursuant to the Memorandum of Settlement. A true and correct copy of the Memorandum of Settlement is attached to the Declaration of William J. Healy as Exhibit A.

**D. Prior Motion For Entry of Judgment.**

On April 22, 2015 Plaintiffs filed a Motion for Entry of Judgment (Doc#22). On June 2, 2015 the court held a hearing and, as indicated in the official transcript, elected not to grant the motion at that time. A true and correct copy of the official transcript on the hearing on the original Motion for Entry of Judgment is attached to the Declaration of William J. Healy as Exhibit B.

**E. State Court Judgment.**

Following the June 2, 2015 hearing before this court, Plaintiffs returned to state court to enforce the Memorandum of Settlement and obtain a judgment. On July 31, 2015, upon Plaintiffs' motion and over Defendant's opposition/objection, the state court entered judgment in the State Court Action in favor of Plaintiffs and against Defendant. A true and correct copy of the State Court Judgment is attached to the Declaration of William J. Healy as Exhibit C.

### III. The Court Must Enter Judgment Pursuant to the Memorandum of Settlement and State Court Judgment.

Pursuant to the terms of the Memorandum of Settlement and the court's implied powers set forth in 11 U.S.C. 105 the court must enter judgment pursuant to the terms of the Memorandum of Settlement and State Court Judgment.

### IV. The Court Must Allow Enforcement of the Judgment.

The April 4, 2012 Order On Motion For Relief From Automatic Stay (Docket#57 Main Case), which allowed the State Court Action, in part, to proceed, also indicated that "Enforcement of any judgment against the Debtor in the State Court Action is stayed pending further order of this Court . . ."

Except for this Adversary Proceeding (and a similar adversary proceeding), the Debtors received a discharge on June 13, 2013 (Docket#113 Main Case), a Final Decree was entered on April 1, 2014 (Docket#120 Main Case), and the bankruptcy case was closed on April 1, 2014. Except for potential application of the April 2, 2012 order, the automatic stay terminated no later than April 1, 2014 (11 U.S.C. 362 (c)(1) and (2)).

Accordingly, further delayed enforcement of the Memorandum of Settlement and State Court Judgment must be avoided.

### V. Conclusion.

Therefore, Plaintiffs respectfully request that the renewed motion be granted and judgment entered in favor of Plaintiffs and against Defendant Noorzoy pursuant to the terms of the Memorandum of Settlement and State Court Judgment and terminating any stay on enforcement.

Dated: August 4, 2015      CAMPEAU GOODSELL SMITH
By: /s/ William J. Healy
William J. Healy