# EXHIBIT A

Case: 12-05016    Doc# 28-2    Filed: 08/04/15    Entered: 08/04/15 13:10:50    Page 1 of 4

The Krechuniak, Aisha A. 2001 Trust, Aisha A. Krechuniak, as Trustee, and Aisha Krechuniak, individually v. Zia Jamal Noorzoy and Alain Pinel Realty

Monterey County Superior Court Case No. M100205
JAMS Case No. 1110017373

## MEMORANDUM FOR SETTLEMENT

This matter came on for mediation before Richard M. Silver, Judge (ret.) in Monterey, California on November 6, 2014. The parties having met and conferred, it is stipulated that this matter is settled on the following terms and conditions:

1. This MEMORANDUM OF SETTLEMENT is, and is intended to be, fully binding and enforceable as to each party notwithstanding that a more formal agreement is to be prepared. Any disputes in the formal agreement shall be brought to Richard M. Silver, who absent agreement, shall have binding authority to resolve.

2. NOORZOY shall pay to KRECHUNIAK the total sum of $600,000.00 payable as follows:
   a. $100,000.00 no later than December 31, 2014;
   b. 10% of the net commission payments paid to NOORZOY by Alain Pinel, or any other real estate brokerage that he may subsequently join commencing April 1, 2015. PINEL shall prepare a separate check payable to NOORZOY representing 10% of the amount due NOORZOY and forward that check accompanied with the commission worksheet, to Ralph Guenther, attorney for NOORZOY. NOORZOY shall promptly endorse said check payable to KRECHUNIAK, or her designated agent, and Guenther shall then cause that check and worksheet to be forwarded to counsel for KRECHUNIAK. The worksheet shall be for "attorney eyes only". Should NOORZOY refuse to endorse said check, Guenther shall hold the check, promptly notify KRECHUNIAK, and await further instructions or order of the court.

c. The balance of $500,000.00 shall be paid in no more than five years from January 1, 2015.
d. Payment may be made sooner than the above without penalty.
e. No interest shall accrue on the above amounts.
3. A stipulated judgment against NOORZOY in the amount of $850,000 shall be executed and held unless and until there is a default in payment. Should there be a levy or garnishment by a governmental agency that prevents payment of the 10% portion said levy or garnishment shall not be considered a default. The settlement and stipulated judgment shall be non-dischargeable in bankruptcy.
4. PINEL agrees to structure the 10% commission payments as indicated above but assumes no liability if NOORZOY refuses to make any such payment.
5. Plaintiffs shall execute a general release with CC 1542 waivers as to NOORZOY and PINEL. Once executed a dismissal with prejudice shall be filed as to PINEL and, once full payment is made, as to NOORZOY.
6. This settlement is subject to approval of the bankruptcy court.
7. This MEMORANDUM OF SETTLEMENT shall be enforceable pursuant to CCP 664.6. The prevailing party shall be entitled to attorney fees and costs.
8. Each party shall pay their own fees and costs except as to any prior agreement as to NOORZOY and PINEL.
9. This settlement shall be confidential.

DATED: November 6, 2014

_____
Aisha Krechuniak, as Trustee and
Individually

_____
Zia Jamal Noorzoy

Rhesus Inc., DBA Alain Pinel Realtors
By Judie Profetta