# EXHIBIT B

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE STEPHEN L. JOHNSON, JUDGE

| | |
|---|---|
| In Re:<br><br>CECELIA A. AUSTIN and<br>ZIA JAMAL NOORZOY,<br><br>            Debtors. | ) Case No. 11-60405-SLJ<br>) Chapter 7<br>)<br>)<br>)<br>)<br>) |
| AISHA A. KRECHUNIAK, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>CECELIA A. AUSTIN and<br>ZIA JAMAL NOORZOY,<br><br>            Defendants. | )<br>) Adv. No. 12-05016<br>)<br>) <u>PLAINTIFFS' MOTION for ENTRY<br>of JUDGMENT [22] and<br>OPPOSITION by DEFENDANTS<br>[24]</u><br>)<br>)<br>)<br>)<br>) Tuesday, June 2, 2015<br>) San Jose, California |

<u>Appearances</u>:

| | |
|---|---|
| For the Plaintiffs: | William J. Healy, Esq.<br>Campeau, Goodsell & Smith<br>440 North First Street, Suite 100<br>San Jose, California  95112<br>(408) 295-9555 |
| For the Defendants<br>(via telephone): | Ralph P. Guenther, Esq.<br>Dougherty & Guenther<br>601 South Main Street<br>Salinas, California  93901<br>(831) 783-3440 |
| Digital Court<br>Recorder: | United States Bankruptcy Court<br>Clerk of the Court<br>Kristine Du<br>280 South First Street, Room 3035<br>San Jose, California  95113<br>(408) 278-7570 |
| Certified Electronic<br>Transcriber: | Palmer Reporting Services<br>1948 Diamond Oak Way<br>Manteca, California  95336-9124 |

Proceedings recorded by digital recording;
transcript produced by federally-approved transcription service.

Case: 12-05016    Doc# 28-3    Filed: 08/04/15    Entered: 08/04/15 13:10:50    Page 2 of 24

1   Tuesday, June 2, 2015                        1:38 o'clock p.m.

2                    P R O C E E D I N G S

3          THE CLERK:  Line item 1, Krechuniak versus Noorzoy, et

4   al.

5          MR. HEALY:  Good afternoon, Your Honor.  William Healy

6   for the plaintiff, moving party — plaintiffs, plural.

7          THE COURT:  Okay.  Good afternoon.  Do you know —

8          MR. GUENTHER:  Good af- —

9          THE COURT:  Oh, hi.

10         MR. GUENTHER:  Good afternoon, Your Honor.  Ralph

11  Guenther appearing on behalf of the debtors Cecelia Austin and

12  Zia Noorzoy.

13         THE COURT:  Okay.  So the debtor — sorry — the

14  plaintiff in the case has moved for entry of a judgment, which I

15  guess Mr. Guenther's clients oppose.

16         So — so, Mr. Guenther, what's your authority for the

17  proposition that I should not enter this judgment?  I didn't see

18  any authority in your papers.  You just said you don't want it

19  entered?

20         MR. GUENTHER:  Well, it's not that, Your Honor.  It's

21  that the underlying memorandum for settlement doesn't make any

22  specific reference to any of the subdivisions under 523(a) by

23  which the plaintiffs may have judgment entered in their favor.

24  The underlying agreement provided that Mr. Noorzoy would agree

25  that the underlying obligation was nondischargeable.  That was

Case: 12-05016    Doc# 28-3    Filed: 08/04/15    Entered: 08/04/15 13:10:50    Page 3 of
24

1    set up in the memorandum for settlement and — but there was no

2    specific agreement as to any findings under 523(a) by which that

3    would be nondischargeable.

4            The issue, and I'll cut right to the chase, and Mr.

5    Healy and I have talked about this as well, is that my client is

6    a real estate agent.  And the concern is is that if there are

7    any specific findings under 523(a), that his license at that

8    point would be in jeopardy.  And that's the basis for the

9    objection that was filed with respect to the specific language

10   found in the judgment.  We have no objection to a judgment being

11   entered that would merely recite that the — that the underlying

12   obligation is nondischargeable, but the concern has to do with

13   the specific language that was recited in the proposed judgment

14   that was submitted by Mr. Healy.

15           THE COURT:  Okay.  But just going backwards in time a

16   little bit here, there was a 523 action that was filed by Mr.

17   Healy's clients against your client — clients, but I guess just

18   done to one.  And so —

19           MR. HEALY:  Yes.  Ms. — Ms. Austin should be dismissed

20   and Mr. —

21           THE COURT:  Got it.  I understood that from your —

22           MR. HEALY:  — Guenther and I can deal with that.

23           THE COURT:  I understood that from your papers.

24           And I granted relief from stay to allow the state

25   court to hear and potentially determine that — that cause of

1 action for reasons that were — that were clear in 2012. And

2 that all took place, and that — and what was done, I don't know,

3 and how it was done, I'm not really sure. But I know that there

4 was a memorandum for settlement that was prepared and signed by

5 Aisha Krechuniak and Zia Noorzoy. And so there is a settlement

6 and the settlement says at paragraph 3, the settlement — "The

7 settlement and stipulated judgment shall be nondischargeable in

8 bankruptcy."

9 So I guess back to you. Why do — Mr. Guenther, your

10 client — correct me if I'm wrong, but — settled a 523 case.

11 MR. GUENTHER: Correct.

12 THE COURT: And agreed that the debt was

13 nondischargeable.

14 MR. GUENTHER: Well, and maybe I should interject

15 something.

16 THE COURT: Well, hold on. Just could you —

17 MR. GUENTHER: Mr. Noorzoy — please go ahead.

18 THE COURT: Just — I just need you to answer the

19 questions. We have a lot more to cover in a few minutes here.

20 But there was a settlement and the settlement provides — the

21 settlement on its face provides that the judgment — the

22 settlement and stipulated judgment shall be nondischargeable in

23 bankruptcy. So how was that not just a settlement that provides

24 that the debt is nondischargeable?

25 You know there was — there was a —

Case: 12-05016   Doc# 28-3   Filed: 08/04/15   Entered: 08/04/15 13:10:50   Page 5 of 24

1          MR. GUENTHER:  We —

2          THE COURT:  — 523(a) case filed here.  I granted

3    relief from stay to allow a very similar case to move forward in

4    state court.  The parties agreed to a resolution of that matter,

5    which in the motion for relief from stay it says that you can go

6    forward on the breach of fiduciary duty, conversion, fraud, and

7    intentional infliction of emotional distress.  Most of those

8    would be causes of action under 523(a) in one shape or form or

9    another.  And so that matter was settled and there's a judgment

10   — or there's an agreement that says it's nondischargeable.  So

11   what are we here to argue about?  I'm not really sure.

12         MR. GUENTHER:  Your Honor, Ralph Guenther again.  And

13   we are arguing regarding the form of the judgment that has been

14   submitted by Mr. Healy with specific findings made that my

15   client did not agree to.  He does not object to a judgment being

16   entered in the bankruptcy court to bring some finality to this

17   process, but the concern and the objection that we raise has to

18   do with the specific language that was submitted by Mr. Healy,

19   or I should say inserted by Mr. Healy into the judgment.

20         THE COURT:  Okay.

21         MR. GUENTHER:  We have — and I —

22         THE COURT:  Okay, I see the —

23         MR. GUENTHER:  Please go ahead.

24         THE COURT:  I see the distinction that you're drawing.

25   You don't anything more than it's nondischargeable to be said?

Case: 12-05016   Doc# 28-3   Filed: 08/04/15   Entered: 08/04/15 13:10:50   Page 6 of
24

1   That's all that you want to have said?

2            MR. GUENTHER:  That's correct, Your Honor.

3            THE COURT:  Okay.  Now, Mr. Healy, why do I even need

4   to do this?  If there's already a stipulated agreement in the

5   state court that says it's nondischargeable, and that term means

6   what it means.

7            MR. HEALY:  Currently —

8            THE COURT:  Why is this even necessary?

9            MR. HEALY:  Currently there's nothing filed in the

10  state court unless something's happened since we filed the

11  motion.  There's a memorandum of settlement, which is the

12  exhibit to the motion.  But nobody has gone in and got a

13  judgment entered in the superior court yet.

14           THE COURT:  Why is it that you bring it back here?

15           MR. HEALY:  Well, the settlement is going to be a

16  two-part thing.  Number one, there is a judgment here saying

17  that the settlement and the state court judgment are

18  nondischargeable.  Then there's supposed to be a stipulated

19  judgment held by the plaintiffs until — until there's a default

20  on the payment schedules, and then they can file the stipulated

21  judgment.  So nobody has filed a motion in the state court for

22  judgment yet and may not, never — and they may not need to do

23  that.  But no matter what, the settlement and any judgment

24  entered in superior court needs to be found to be

25  nondischargeable.  And we included the code sections and the

1 | subsections because, A, that's what's in the complaint; and it
2 | doesn't make any sense when another judge or another debtor's
3 | counsel comes and deals with this thing in a couple years.

4 | THE COURT: Okay. But why — okay. I understand all
5 | of that. I don't understand why you're here. The stipulated
6 | judgment, which is entered, cites that it was a Monterey County
7 | Superior Court case and a JAMS case. And paragraph 3 reads in
8 | its entirety: "A stipulated judgment against Noorzoy in the
9 | amount of $850,000 shall be executed and held unless and until
10 | there is a default in payment. Should there be a levy or
11 | garnishment by a government agency that prevents the payment of
12 | the ten-percent portion, said levy or garnishment shall not be
13 | considered a default."

14 | And then it says, "The settlement and stipulated
15 | judgment shall be nondischargeable in bankruptcy."

16 | Why do I need to do anything with this? Why don't I
17 | just say to you: Well, you have what you need. Go to the state
18 | court and get an order or a judgment. Why are you bringing this
19 | back here?

20 | I granted relief from stay. And the order says, "Stay
21 | is granted in all respects to the following causes of action so
22 | the parties thereto may proceed to a final judgment against the
23 | debtor." I don't know why — honestly, I don't know why you're
24 | back here.

25 | MR. HEALY: Because I can't anticipate and I never

Case: 12-05016   Doc# 28-3   Filed: 08/04/15   Entered: 08/04/15 13:10:50   Page 8 of
24

1  would anticipate that a superior court judge would ever feel

2  comfortable entering such a judgment and would defer back to the

3  existing bankruptcy case, this particular case.  And in six

4  years from now, if all the you-know-what hit the fan, some new

5  defense counsel, some new debtor's counsel may argue it's no

6  authority for the state court to enter the nondischargeable,

7  it's never been entered here.

8           I mean what — what's kind of screwy by the settlement

9  is paragraph 6 says the settlement is approved — you know,

10  subject to the approval of the bankruptcy court.  To me, that

11  entry of judgment is somewhat consistent with that.  No

12  criticism of Mr. Guenther, but the language is not, I'm sure,

13  what you'd want in a —

14           THE COURT:  Well, how do you address Mr. Guenther's

15  point that none of these provisions that you want in your

16  judgment are recited anywhere in the settlement agreement?  And

17  the settlement agreement in paragraph 1 kind of goes a long ways

18  to saying that, you know, Mr. — this is — or, sorry, paragraph

19  2b.  It's — it's intended to be fairly closely held.  That's a

20  fair reading of paragraph 2.

21           MR. HEALY:  What do you mean by "closely" — oh, —

22           THE COURT:  Well, it just says that —

23           MR. HEALY:  — the confidential nature?

24           THE COURT:  Yeah, confidential.

25           MR. HEALY:  Well, paragraph 9 says it should be

Case: 12-05016   Doc# 28-3   Filed: 08/04/15   Entered: 08/04/15 13:10:50   Page 9 of
24

1  confidential, but Mr. Guenther had filed this particular

2  document in the superior court, is what I was informed, because

3  otherwise I wouldn't have filed this in —

4            THE COURT:  So how — where do you get the idea that we

5  should make all of these very specific findings when there are

6  no such findings in the state court that I can rely on for that.

7            MR. HEALY:  I think that —

8            THE COURT:  Short of him stipulating to them.

9            MR. HEALY:  Right.  And I think Mr. Guenther's concern

10 is, is as you look at the proposed stipulated judgment, his

11 concern is with what language may follow the word — it's words

12 and it's two different paragraphs — "nondischargeable."

13            THE COURT:  In paragraph 2?

14            MR. HEALY:  Paragraph 2 and then it's also in — in —

15            THE COURT:  4.

16            MR. HEALY:  — paragraph misnumbered 4.  I think Mr.

17 Guenther wants the period to be after the word

18 "nondischargeable."  And our preference obviously is for the

19 full language.  In the grand scheme of things, we can live with

20 the period being after "523," but my — my underlying concern, as

21 I said, is what happens in the future.  And putting that

22 settlement language in there, it makes — it makes no sense

23 unless there's a satisfied 523 —

24            THE COURT:  So, Mr. Guenther, would you — would you be

25 satisfied with a judgment that said — and I'm looking at

1  paragraph 2 of the proposed judgment — reads, "Judgment is

2  entered in favor of Plaintiffs Aisha Krechuniak, individually

3  and as trustee for the Krechuniak Aisha A. 2001 Trust, and

4  against Defendant Zia Jamal Noorzoy, pursuant to the terms of

5  the memorandum of settlement.  And this judgment is

6  nondischargeable pursuant to Section 523(a)," period.

7        MR. GUENTHER:  No, Your Honor.  And we have provided

8  language to Mr. Healy that indicate as to the approved form.

9  And our position would be that the form of judgment would merely

10  recite that the underlying obligations between the parties

11  pursuant to the memorandum of settlement are nondischargeable,

12  period, end of — end of judgment.

13        MR. GUENTHER:  My preference, Your Honor, and I think

14  you misquoted me, was I could live with:  Pursuant to 11 USC

15  523, period.  It's fine strokes, you know.

16        THE COURT:  What about that, Mr. Guenther, 523?

17        MR. GUENTHER:  I'm sorry, Your Honor.  And that our

18  position would be the same.  What we had originally proposed was

19  simply a recitation that the underlying obligations with the

20  memorandum of settlement are nondischargeable.  And I — frankly,

21  I believe that the Court's comments are appropriate as well.  We

22  have an agreement that says this is a nondischargeable

23  obligation, notwithstanding Mr. Healy's concerns to the

24  contrary.  I don't know that there is necessarily anything else

25  that needs to be done other than possibly a motion to approve

1   the settlement as opposed to a motion for entry of judgment.

2        THE COURT: Let's be clear about another thing. So

3   your understanding, Mr. Healy, is that because there is a

4   payment default, what is due is $850,000, and that's the amount

5   that's nondischargeable?

6        MR. HEALY: I — I take no position on that. That to

7   me is something up to the superior court. If the plaintiffs

8   take that position, I don't know what the defendants' position

9   is going to be. But that to me is up to the superior court to

10   use the mechanisms of that memorandum of settlement to

11   determine how much is owed and what's not owed, et cetera. I

12   know there's an issue — I'm aware that the first payment wasn't

13   made, but I'm unaware of anybody taking any action in superior

14   court to deal with that issue. I know they got lots of dynamics

15   involved in there, but I totally stayed away from that —

16        THE COURT: So that — you're almost proposing a

17   judgment to me that is just completely — I don't even know what

18   this judgment would say. I mean all it really says is the

19   motion for entry of judgment is granted. Judgment is entered in

20   favor of someone, but it has no amount, no number. How is

21   interest going to run on that?

22        MR. HEALY: Because the actual underlying enforceable

23   judgment is if — if a judgment is entered it is going to be

24   entered in the superior court. The superior court is the — the

25   court with the mechanism to determine the amount.

1          THE COURT:  Then why don't you just go to the superior
2     court and get that judgment all in one?  Why — why are you
3     asking me to do it?  I mean I gave you relief from stay to go to
4     final judgment.  I think that's what you should do.

5          MR. HEALY:  Well, the — here's the concern, as I said
6     earlier, the concern is that nowhere will it say approved by the
7     bankruptcy court that it's nondischargeable.  And I've never
8     seen a superior court judge comfortable that they even have that
9     authority to do so, especially when they're going to be aware
10    and must be aware in this particular case that there is a
11    pending bankruptcy.  And I also know that six, seven years —

12         THE COURT:  Well, usually — I mean but it's usually
13    the case — I understand what you're saying, but the parties have
14    agreed that it's nondischargeable.  The Court usually doesn't
15    look much further than that.  Even the superior court wouldn't
16    look much further than that.  There's a lot of things that
17    they're presented with that aren't — you know, that don't
18    necessarily fit within the square corners of a lawsuit, but the
19    parties have agreed to it and the Court approves it as a part of
20    an overall settlement package.  Why wouldn't this be just the
21    same thing?

22         MR. HEALY:  There's a case, Your Honor, that I read at
23    the time I did this motion out of, I think, the Southern
24    District or the Eastern District.  And it was somebody had
25    settled a lot worse facts than this but a new, presumably,

1  probably a young, aggressive debtor's counsel and defense

2  counsel came in immediately in a subsequent bankruptcy and

3  argued that the superior court never made a finding that it was

4  nondischargeable.

5          THE COURT:  I think I know the case you're talking

6  about.  It's distinguishable because the case was — there was no

7  earlier bankruptcy case.  The subsequent bankruptcy case is the

8  first bankruptcy case.  So it was basically a settlement that

9  predated the bankruptcy case that said this is nondischargeable

10 judgment.  And — and then the bankruptcy case is filed.  The

11 plaintiff in the underlying action argues, well, it's

12 nondischargeable.  And the defendant says it's not

13 nondischargeable, you can't waive a discharge in advance.  And I

14 think that's what the Court found.

15         MR. HEALY:  You may be talking about — there's two

16 cases.  There's one, the published case, and there's one that's

17 not a published case, and that just went tangential.  But the

18 same — the same fear — I have the same response to both cases,

19 that six years from now, when somebody goes to do a writ or

20 there's a subsequent bankruptcy, somebody's going to say there's

21 never been a ruling by that adversary.  The adversary just

22 disappeared.

23         THE COURT:  Well, —

24         MR. HEALY:  We need some finality here, and that's

25 always been — I mean we should have had a stipulated judgment

1    here.  And that's what Mr. Guenther and I exchanged recently —

2              THE COURT:  So who — you say — paragraph 3 says that a

3    stipulated judgment against Noorzoy in the amount of 850,- shall

4    be executed.  Now where's that?

5              MR. HEALY:  Pardon me?

6              THE COURT:  Where is the stipulated judgment?

7              MR. HEALY:  There was a stipulated judgment that I've

8    seen prepared by my client's state court counsel, but unsigned

9    by the opposing side.  I assume they received it, but I never —

10   I've been told it was finalized.

11             THE COURT:  I would be comfortable signing a judgment

12   that said there's a state court action.  It was filed, it was

13   litigated, it was settled on these terms, and there is a

14   judgment.  I would be comfortable signing an order or a judgment

15   in this case, in an adversary proceeding, saying:  That judgment

16   is nondischargeable.  Based on the stipulation of the parties,

17   that judgment is nondischargeable.

18             MR. HEALY:  Well, —

19             THE COURT:  But that's not what you're asking me to

20   do.  What you're asking me to do is to sort of dive into the

21   middle of a transaction and say something's nondischargeable.

22   I'm — you have to understand, at some point someone's going to

23   start executing on this judgment, right?  And it has been my

24   practice for a long time now, when I see something coming from

25   the state court that's a judgment, I don't repeat its terms, I

1   don't include its terms, I don't use the numbers, because

2   there's always a fight about what the interest rate is going to

3   be.  Is it going to be the state court rate or is it going to be

4   the federal rate.

5            MR. HEALY:  Right.

6            THE COURT:  And you — I think you folks need to sort

7   out where this judgment is going to be filed.  I don't think

8   it's here.  All you have asked me for at the beginning of the

9   case is a determination that a relationship should end up with

10  non- — a broken relationship and bad acts should result in a

11  nondischargeable judgment against a particular person.

12           I granted relief from stay at your request to go down

13  to state court and get that matter resolved.  Apparently you did

14  resolve it and there's a stipulation.  You should go ahead and

15  get a judgment from the Court on that point, and I think you

16  need to work on how much that judgment is going to be for and

17  who — who the parties to it are.  And when that's complete, you

18  can come back here and ask me for a judgment.  But I'm not going

19  to — I'm not — you can't even tell me today what the amount of

20  this judgment is.

21           MR. HEALY:  Because — because to me it's irrelevant.

22  Whether it's zero or a million or anywhere in between, —

23           THE COURT:  It creates a really muddy record, Mr.

24  Healy.  Really, really muddy.

25           MR. HEALY:  It — it may — for us it may, but to me

1  it's irrelevant because that's why my client and Mr. Guenther

2  are working — they have their state court fight.  And to me —

3          THE COURT:  Well, they've settled their state court

4  fight.

5          MR. HEALY:  Well, they've settled it is correct.  And

6  the settlement requires that some approval from this Court —

7          THE COURT:  Well, you'll get your approval when you

8  have a judgment down there, because I told on the relief from

9  stay order, go get a final judgment.  You don't have a final

10  judgment.

11          MR. GUENTHER:  Your Honor, — Your Honor, and if I may

12  interject for a moment.  Ralph Guenther again.

13          THE COURT:  Oh, sure.

14          MR. GUENTHER:  The — the memorandum of settlement

15  provides for a stipulated judgment to be held as in effect

16  security for the faithful payments made by Mr. Noorzoy

17  consistent with the settlement agreement.  There is — as

18  proposed, as stated in the agreement, presumably there will

19  never be occasion for plaintiff to have that stipulated judgment

20  submitted to the superior court for entry.

21          THE COURT:  But you're —

22          MR. GUENTHER:  And if the payments are made — at the

23  conclusion of this, you know, years out, that matter will just

24  be dismissed and that's that.  So Mr. Funk (phonetic) filed a

25  notice of conditional settlement, which was consistent with this

1  agreement, and what the superior court does now is they simply
2  hold this in abeyance to make sure that the payments are, in
3  fact, made.  But nothing else will happen in the superior court
4  unless and until there is a default and a proposed judgment that
5  would be submitted by Mr. Funk to the superior court.

6          THE COURT:  But your client's in default, right?

7          MR. GUENTHER:  We — no.  We do not — we do not — we're
8  not saying that we're in default, Your Honor.  No.

9          THE COURT:  Did you pay a hundred thousand dollars —

10         MR. GUENTHER:  And, in fact, we — and, in fact, we
11  have tendered payment.  Our — and this — we can — we can go down
12  the path, but in answer to the Court's direct question, was the
13  $100,000 payment tendered that was referenced here, no, there
14  was not.  But our position is that there was a default by the
15  plaintiff in this matter where she breached the agreement and
16  excused our performance.  Since then we have been tendering
17  payment to the plaintiffs' counsel consistent with the terms of
18  this agreement.

19         THE COURT:  So here's my final worked on this, folks.
20  And, you know, —

21         MR. HEALY:  Can I — I think I can resolve all — all of
22  it easier —

23         THE COURT:  I think I can too.

24         MR. HEALY:  Mine's better.

25      (Laughter.)

1           THE COURT:  Maybe.  Well, how —

2           MR. GUENTHER:  Yeah.

3           THE COURT:  How about I'll give you — I'll let you

4    have another shot, Mr. Healy, —

5           MR. HEALY:  I appreciate it.

6           THE COURT:  — is that my take on all of this is that

7    you're in the middle of a settlement that's breaking apart.  And

8    Mr. Healy has come to me and said, which is a completely

9    understandable position, 'Could you just enter a judgment for

10   us.'  I'm unwilling to do that for a couple of reasons.  One, it

11   doesn't — it doesn't look entirely consistent with the judgment

12   — with the agreement that the parties reached.

13          Going back to settle- — paragraph 3, it says, "A

14   stipulated judgment against Noorzoy in the amount of 850,000

15   shall be executed and held unless and until there's a default in

16   payment."  Then it goes on to say, "The settlement and

17   stipulated judgment shall be nondischargeable in bankruptcy."

18          Essentially, I think what you have here is a state

19   court resolution that involved a matter that would have been

20   cognizable as a non- — as a nondischargeable debt under 523.  A

21   motion for relief from stay was made, and I allowed you to go to

22   state court to litigate that.  You settled it in state court

23   with the help of a mediator.  And there's a memorandum for

24   settlement.  It looks to me like it's in default, or there is a

25   very good argument that it's in default.  Even if it's not in

1   default, there is a good argument that it is in default.  The
2   truth of it is what you have is a broken settlement and
3   probably, you know, there are consequences that come from a
4   broken settlement.  But I don't think that asking me to enter a
5   judgment on something that is obviously mid-stream is the way to
6   solve the problem.  I think that creates further problems.  And
7   my recommendation is, as I indicated in the motion — the order
8   on the motion for relief from stay, go get a final judgment, and
9   I'd be happy to deal with a final judgment and determine that it
10  is nondischargeable, because that's what the parties agreed to.
11          One final point.  I think Mr. Guenther is doing back
12  flips to attempt to have nothing in the record that indicates
13  that his client acted in an inappropriate way in any way.
14  Without commenting on his client's actions, because I've never
15  considered them, I've never met this fellow, and I don't know
16  what's going on, it's making it really hard to pin down what's
17  actually supposed to happen here.  But the truth of it is it's —
18  he's — his attempts to prevent anything going into the record
19  are — are working well enough, because at this point I'm not
20  willing to enter this judgment on — you know, on these facts.
21          So, Mr. Healy, I interrupted you.  What did you want
22  to say?
23          MR. HEALY:  No.  I appreciate that.  I was going to
24  just try to cut my proverbial losses and just — because I really
25  don't want to come back.  I want to —

1      THE COURT:  I know you don't, but —

2      MR. HEALY:  I want to put a closure to the case and —

3  and I was going to try to cut you off, Your Honor, and just say

4  we are willing to resubmit this form of judgment with a period

5  after the word "nondischargeable" in that paragraph 2 and it

6  would also be at the end of paragraph 4, which is misnumbered.

7  It should be paragraph 3, because that's important to me, to try

8  to bring a closure to this.  And sometime before the status

9  conference, I would send Mr. Guenther a dismissal so we have an

10  actual dismissal as to Ms. Austin, who —

11      THE COURT:  Yeah.  And, for the reasons I just

12  indicated, I'm not willing to enter that, because I think — I

13  really feel like it's — the whole case is kind of a mixed

14  metaphor.  It's really too mixed up at this point for me to do

15  anything with it.  I really think the way to look at it is to go

16  back to the relief-from-stay order and say, 'Look, we had full

17  power to do everything that was necessary in state court.  Let's

18  go do that.'

19      And if at the end of the day you want to come back to

20  me and say, 'Hey, we'd like you to bless this by giving us a

21  nondischargeable and, look, our agreement even says you're

22  supposed to approve it,' I think I'd be willing to do that.

23      MR. HEALY:  I understand.

24      THE COURT:  At this point you're mid-stream on what

25  looks like a broken settlement to me.

Case: 12-05016   Doc# 28-3   Filed: 08/04/15   Entered: 08/04/15 13:10:50   Page 21
of 24

1          MR. HEALY:  Your Honor, this one, I don't like quoting

2    other — other debtors, but I have a big fear this one's going to

3    head down the Booker Wade path which, you know, that's a 2009

4    settlement that's still working its way.  And unfortunately it's

5    the same mediator.  I'm hoping that the state court then brings

6    this to some type of resolution.  Then we'll be back here.

7          THE COURT:  Okay.  So, Mr. Guenther, I hope that helps

8    you too because I think you need to be — I think what you're

9    trying to do is — is perfectly reasonable in terms of protecting

10   your client, but the truth is at some point you've got to figure

11   out a mechanism that the plaintiff has to enforce this debt,

12   which is all they really want.  What they want is an enforceable

13   debt that survives the bankruptcy case.

14         MR. HEALY:  Okay.

15         THE COURT:  And I think you —

16         MR. GUENTHER:  I understand, Your Honor.

17         THE COURT:  — I think you agree they're entitled to

18   that, it's just a question of the mechanism.

19         MR. HEALY:  Right.

20         MR. GUENTHER:  Correct.

21         THE COURT:  Okay.

22         MR. HEALY:  Before we close, Your Honor, we have a

23   status conference on the 25th, which given the Court's comments

24   and just given the lay of the land I don't think there's any

25   reason to have it on June 25th, but maybe we could try to move

1  that now rather than —

2        THE COURT:  Do you want to make it August 25th?  It

3  gives you 60 days to try and pull something together.

4        MR. HEALY:  I think that's fine, yeah.  I'll —

5        THE COURT:  Mr. Guenther, any objection to moving the

6  status conference, which isn't on today's calendar but is my

7  status conference, so I suppose I can —

8        MR. GUENTHER:  No objection whatsoever, Your Honor.

9  August 25th is fine.

10        THE COURT:  Okay.  Tanya, timing?

11        THE CLERK:  How about the 27th?

12        THE COURT:  Sorry.  The 27th.

13        THE CLERK:  At 2:30.

14        THE COURT:  At 2:30.

15        MR. HEALY:  That's fine.  We'll file a statement in

16  advance.

17        MR. GUENTHER:  That's fine, Your Honor.

18        THE COURT:  All right.  Thank you both very much.

19        MR. HEALY:  Thank you for your time, Your Honor.

20        THE COURT:  Yeah.  Good luck.

21        MR. GUENTHER:  Thank you, Your Honor.

22        THE COURT:  Uh-huh.

23        THE CLERK:  Court is adjourned.

24      (The hearing was concluded at 2:05 o'clock p.m.)

25                        —o0o—

State of California          )
                            )   SS.
County of San Joaquin       )


        I, Susan Palmer, certify that the foregoing is a true
and correct transcript, to the best of my ability, of the above
pages, of the digital recording provided to me by the United
States Bankruptcy Court, Northern District of California, of the
proceedings taken on the date and time previously stated in the
above matter.

        I further certify I am not a party to nor in any way
interested in the outcome of this matter.

        I am a Certified Electronic Reporter and Transcriber
through the American Association of Electronic Reporters and
Transcribers, Certificate No. 00124.  Palmer Reporting Services
is approved by the Administrative Office of the United States
Courts to officially prepare transcripts for the U.S. District
and Bankruptcy Courts.


                              Susan Palmer
                              Palmer Reporting Services

                              Dated July 6, 2015

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca California  95336-9124   (800) 665-6251